UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **Donald Howard** and **Gloria Howard**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **American General Finance Corporation**, a foreign corporation, **Equifax Information Services, LLC**, a foreign limited liability company, **Experian Information Solutions, Inc.**, a foreign corporation, and **Trans Union, LLC**, a foreign limited liability company, <br><br> *Defendants*. | Civil Action No.: 3:09cv721-mht <br> **Plaintiffs Demand Jury Trial** |

## COMPLAINT

**COME NOW** Plaintiffs, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and / or punitive damages, including injunctive and declaratory relief, brought by individual consumers (hereinafter referred to as "Plaintiffs") against Defendants, jointly and severally, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes of action.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Defendants' violations of Plaintiffs' rights, as alleged herein, occurred in Tallapoosa County, Alabama, and were committed within the Eastern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiff Donald Howard (hereinafter referred to as "Plaintiff" or "Donald") is a natural person and a resident and citizen of Tallapoosa County, the state of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Plaintiff Gloria Howard (hereinafter referred to as "Plaintiff" or "Gloria") is a natural person and a resident and citizen of Tallapoosa County, the state of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

5. Defendant American General Finance Corporation (hereinafter referred to as "American General" or "Defendant") is a foreign corporation engaged in the business of furnishing credit to consumers in the state of Alabama.

6. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing

information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

7. Defendant Experian Information Solutions, Inc. (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the state of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

**Defendant American General:**

9. Plaintiffs incorporate by reference herein paragraphs one (1) through eight (8).

10. Plaintiffs filed for debt relief under Title 11 of the United States Bankruptcy Code and were discharged on April 15, 2008.[1]

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 03-81835.

11. Notwithstanding the aforesaid, and in an attempt to collect upon Plaintiffs' discharged debt, Defendant continues to report Plaintiffs' account(s) to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having a current balance due and payable, rather than reflecting that such was discharged in bankruptcy.  For example:

   a) Defendant reported, and continues to report, to Equifax, Experian and Trans Union that Donald has an outstanding balance with, and remains personally liable to, Defendant in the amount of $2,527.00 and, in addition, that such account is a "[b]ad debt; placed for collection; skip", "CHARGED OFF ACCOUNT", etc.

   b) Defendant reported, and continues to report, to Equifax and Experian that Gloria has an outstanding balance with, and remains personally liable to, Defendant in the amount of $2,527.00 and, in addition, that such account is a "[b]ad debt; placed for collection; skip", "CHARGED OFF ACCOUNT", etc.

12. Defendant obtained knowledge of Plaintiffs' discharge because of its inclusion and/or identification within Schedule F - Creditors Holding Unsecured Non-Priority Claims and the multiple notices submitted to identified creditors by the United States Bankruptcy Court for the Middle District of Alabama.

13. Defendant has intentionally, willfully and maliciously failed to implement reasonable procedures to insure that Plaintiffs' account is reported as having a "0" balance as contemplated by the Fair Credit Reporting Act.  The FTC's Official Staff Commentary §

607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."[2]

14. Notwithstanding that Defendant properly updates numerous accounts each month it has intentionally, maliciously and willfully refused to do so with Plaintiffs, and other similarly situated consumers. More specifically, Defendant has a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[3]

15. Defendant has promised, through its subscriber agreements or contracts with the CRAs, to update accounts that have been discharged in bankruptcy but has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiffs' credit reports.

---

[2] Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures".

[3] In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (citing Irby v. Fashion Bug (In re Irby), 337 B.R. 293 (Bankr.N.D.Ohio 2005) (reporting discharged debts as past due on credit report); Helmes v. Wachovia Bank, N.A. (In re Helmes), 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past due" on credit report); Smith v. Am. Gen. Fin. Inc. (In re Smith), 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); In re Miller, 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); Vogt v. Dynamic Recovery Servs. (In re Vogt), 257 B.R. 65 (Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); Carriere v. Proponent Fed. Credit Union, 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and "past due 180 days" on credit report)).

16. Defendant has a policy to "park" its accounts on at least one of Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

17. Defendant has agreed to and understands it must follow the requirements of the FCRA including, but not limited to, the following:

    a) 15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[4]

    b) 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

        (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

        (ii) the information is, in fact, inaccurate."

    c) 15 U.S.C. § 1681(a)(2) which states, "[a] person who -

        (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

---

4 As indicated herein, Defendant obtained knowledge of Plaintiff's discharge on multiple occasions.

        (B)    has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

18. Defendant knows that "parking" a balance to coerce consumers into paying discharged debts will lead to the publication of false and defamatory information every time Plaintiffs' credit reports are accessed. Because Plaintiffs' credit reports have been accessed since the discharge, such false information has been published to third parties.

19. All actions taken by employees, agents, servants, or representatives of any type for Defendant were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

20. Defendant's actions – engaging in a pattern and practice of wrongful and unlawful behavior, *i.e.* attempting to collect upon and reporting discharged debts – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiffs, with the knowledge that its actions would very likely harm Plaintiffs, and that its actions were taken in violation of the law.

21. The actions, omissions, misrepresentations, and violations of the FCRA, ADTPA, federal law, and state law of Defendant, regarding Plaintiffs' discharged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiffs will in the future continue to suffer.

**Defendants Equifax, Experian and Trans Union:**

22. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish, and continue to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

23. Indisputably, based upon the sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

24. Defendants' intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

# COUNT ONE
# ALL DEFENDANTS
# VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.*

25.    Plaintiffs incorporate by reference herein paragraphs one (1) through twenty-four (24).

26.    In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a)    By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

   b)    By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

   c)    By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

   c)    Defaming Plaintiffs by publishing to third parties false information regarding Plaintiffs' creditworthiness;

   d)    Invading the privacy of Plaintiffs; and

   e)    Failing in their duty to prevent foreseeable injury to Plaintiffs.

27.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally,

and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiffs.

28. As a result of the above violations of the FCRA, Defendants are liable to Plaintiffs for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiffs' actual, compensatory, and statutory damages, if applicable punitive damages, and costs and attorney's fees under the FCRA.

**COUNT TWO
ALL DEFENDANTS
VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
ALA. CODE 1975 § 8-19-3, *et seq.*** 

29. Plaintiffs incorporate herein by reference paragraphs one (1) through twenty-eight (28).

30. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

31. Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

32. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiffs relied upon such representations as being lawful, yet such conduct is prohibited.

33. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

34. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages, and Defendants are liable to Plaintiffs for such injury.

## COUNT THREE
## DEFENDANT AMERICAN GENERAL
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

35. Plaintiffs incorporate herein by reference paragraphs one (1) through thirty-four (34).

36. Defendant's acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiffs.

37. As a proximate consequence of Defendant's negligence, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendant is liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FOUR
## ALL DEFENDANTS
## INVASION OF PRIVACY

38. Plaintiffs incorporate by reference herein paragraphs one (1) through thirty-seven (37).

39. Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private lives, publishes private facts regarding Plaintiffs, and places Plaintiffs in a false light in the eyes of those to whom the publications are made.

40. Defendants' actions were done maliciously, without privilege, and with a willful intent to injure Plaintiffs.

41. As a proximate consequence of Defendants' invasion of Plaintiffs' privacy, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's

fees, and any other and further relief deemed appropriate by this Court.

### COUNT FIVE
### ALL DEFENDANTS
### DEFAMATION

42. Plaintiffs incorporate by reference herein paragraphs one (1) through forty-one (41).

43. Defendants published false information about Plaintiffs by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

44. Likewise, Defendants published false information about Plaintiffs each time Plaintiffs' credit reports were accessed – which was the result intended by Defendants.

45. The publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiffs.

46. As a proximate consequence of Defendants' false reporting or publishing, Plaintiffs have been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiffs for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

### COUNT SIX
### DEFENDANT AMERICAN GENERAL
### DECLARATORY AND INJUNCTIVE RELIEF

47. Plaintiffs incorporate herein by reference paragraphs one (1) through forty-six (46).

48. A dispute exists as to whether Defendant has violated the FCRA, ADTPA, federal law or state law.

49. Plaintiffs are entitled to injunctive relief, a declaratory judgment, and a determination that Defendant violated the FCRA, ADTPA, federal law, and state law, and Plaintiffs are similarly entitled to an order enjoining said acts.

50. As a result of Defendant's actions, omissions and violations, Plaintiffs are entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

51. Defendant's actions, omissions, and violations, as alleged herein, constitute the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

## **PRAYER FOR RELIEF**

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Plaintiffs respectfully pray that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

- a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendant American General to be unlawful, enjoining Defendant American General from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;
- b) Award Plaintiffs actual damages;
- c) Award Plaintiffs punitive damages;
- d) Award Plaintiffs statutory damages where applicable;
- e) Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment;
- f) Award Plaintiffs reasonable attorney's fees and costs of this litigation; and
- g) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the 29th day of July, 2009.

/s/ *[signature]*
Anthony B. Bush (BUS028)
*Attorney for Plaintiff*
The Law Office of Jay Lewis, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone:     (334) 263-7733
             Direct: (334) 263-0002
Facsimile:  (334) 832-4390
Bar Id. #:  ASB-7306-A54B
anthonybbush@yahoo.com


**DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

**AMERICAN GENERAL FINANCE CORPORATION**
c/o Corporation Service Company
251 E Ohio Street, Suite 500
Indianapolis, Indiana 46204

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

**TRANS UNION, LLC**
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104